Harley, Plaintiff in Error, v. Stapleton's Administrator, Defendant in Error.

1. Where a note is given to secure money bet in this state on the election of a President of the United States, and a surety on said note, who knew at the time of signing the consideration for which it was given, is compelled by legal process in a foreign jurisdiction to pay the same: *held*, that he is not entitled to contribution from his principal.

### Error to Howard Circuit Court.

*Gardenhire*, for defendant in error, cited R. C. 1845, p. 404, 540; 8 Mo. 8, 52; 8 Shep. 26; 16 Verm. 538; 18 Verm. 9; 10 Ala. 316; 11 id. 656; 1 Strobh. 82; 15 Conn. 28; 9 Barb. S. C. 316; 13 Penn. 601; 2 Kent's Com. 458; Story's Confl. of Laws, 203.

Scott, Judge, delivered the opinion of the court.

This was an action by a surety to recover from his principal a sum of money he was compelled to pay as such surety. The

plaintiff signed a note as surety, given to secure a sum of money bet in this state on a presidential election. The court instructed the jury that if the note paid by plaintiff was given to secure a bet on the presidential election, and the plaintiff, at the time he signed the note, knew it was given for that purpose, the plaintiff can not recover. There was a verdict for the defendant.

In our opinion, the fact that the surety (Harley) was compelled by the judgment of a court in the Mexican dominions to pay the debt does not affect the merits of this controversy. The instruction given by the court assumed, and the court have so found, that the plaintiff knowingly entered into an illegal contract. Whether he paid the money voluntarily, or was compelled thereto by process of law, it is equally against the policy of the law that he should recover in this action. We may presume that but for the plaintiff the contract would never have been made, nor the law violated. This is an attempt to obtain an indemnity for knowingly entering into an illegal contract. It is a rule that, whenever the party seeking to recover appears to have been in any respect contaminated with, or even privy to, the illegal transaction on which the claim is originally bottomed, his remedy, whether upon the primary consideration, or a security substituted for it, is gone. (Paley on Agency, 120.) If a surety to a note, securing a sum bet on an illegal wager, can recover against his principal by paying the sum secured, then the policy of the law which forbids the recovery of money lost at unlawful gaming would be defeated. Judge Ryland concurring, the judgment will be affirmed. Judge Leonard not sitting.